**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1179**

---

ANGEL CIFUENTES-MENDOZA,

> Petitioner,

v.

PAMELA JO BONDI, Attorney General,

> Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  October 2, 2025                              Decided:  December 30, 2025

---

Before WILKINSON, KING, and THACKER, Circuit Judges.

---

Petition for review denied by unpublished opinion. Judge Wilkinson wrote the opinion, in which Judge King and Judge Thacker joined.

---

**ON BRIEF:**  Kevin D. Franco, Kaley J. Miller-Schaeffer, Theodore J. Murphy, MURPHY LAW FIRM, PC, West Chester, Pennsylvania, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Walter Bocchini, Senior Litigation Counsel, Gregory M. Kelch, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

WILKINSON, Circuit Judge:

Angel Cifuentes-Mendoza sought to reopen his immigration proceedings so that he could request cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Board of Immigration Appeals (BIA) denied his motion to reopen, concluding that he failed to establish a prima facie case that he was eligible for cancellation. Because we see no error in the BIA's decision, we now deny Cifuentes-Mendoza's petition for review.

I.

Cifuentes-Mendoza is a citizen of Guatemala who entered the United States without authorization in April 2005. When the Department of Homeland Security served him with a notice to appear, Cifuentes-Mendoza conceded his removability but applied for withholding of removal and protection under the Convention Against Torture. An Immigration Judge (IJ) denied Cifuentes-Mendoza's application and ordered him removed to Guatemala. The BIA affirmed the IJ's decision and issued Cifuentes-Mendoza a final order of removal in June 2023.

After the BIA issued a final order of removal, Cifuentes-Mendoza filed a motion with the BIA to reopen his removal proceedings. In his motion to reopen, he said that he hoped to apply for cancellation of removal, "a form of relief that allows a noncitizen to remain in the United States despite being found removable." *Barton v. Barr*, 590 U.S. 222, 225 (2020). To be eligible for this form of relief, Cifuentes-Mendoza needed to convince the BIA that his removal would create "exceptional and extremely unusual hardship" for an immediate family member with U.S. citizenship or lawful permanent residence. 8 U.S.C. § 1229b(b)(1)(D).

2

Cifuentes-Mendoza's hardship argument focused on his four U.S. citizen children. If he relocated to Guatemala without them, he argued, his children would face hardship in the United States because they would not have financial support. He explained that his wife's illness and legal status prevent her from working, and that other relatives here are unable to lend a hand. But if his children joined him in Guatemala, he continued, they would face hardship there because parts of the country are dangerous, its education system is poor, and his oldest daughter would lack the healthcare necessary for her vision problems. Either way, hardship would follow his removal.

The BIA denied Cifuentes-Mendoza's motion to reopen. It reasoned that he had not established "a prima facie case" that the hardship faced by his U.S. citizen children would be "exceptional and extremely unusual." J.A. 4. With respect to his eldest daughter's vision problems, the BIA found that he had "not shown" that she "suffers from a serious medical condition" or that "such condition could not be reasonably treated in Guatemala." J.A. 3. With respect to his wife's alleged inability to care for the children, the BIA noted that she had undergone surgery three years earlier but there was no evidence of an ongoing illness. And with respect to his allegations about life in Guatemala, the BIA observed that "a lower standard of living is generally insufficient to show exceptional and extremely unusual hardship." J.A. 3 (citing *In re Monreal*, 23 I. & N. Dec. 56, 60, 63–64 (BIA 2001)).

Cifuentes-Mendoza timely filed a petition for review with this court.

## II.

Before proceeding, we address our jurisdiction and standard of review.

3

The Immigration and Nationality Act (INA) prohibits courts from reviewing any BIA order "regarding" cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). But another INA provision qualifies this prohibition by permitting judicial review of "constitutional claims or questions of law" implicated in such orders. *Id.* § 1252(a)(2)(D). Together, these provisions set out that "we have jurisdiction to review questions of law arising from denials of applications for cancellation of removal, but not questions of fact." *Cortes v. Garland*, 105 F.4th 124, 131 (4th Cir. 2024).

The Supreme Court further clarified the meaning of these provisions in two recent decisions. In *Guerrero-Lasprilla v. Barr*, the Court held that the phrase "questions of law" in § 1252(a)(2)(D) encompasses "mixed question[s] of law and fact" such as "the application of law to undisputed or established facts." 589 U.S. 221, 228 (2020). Then, in *Wilkinson v. Garland*, the Court held that whether an alien has met the "exceptional and extremely unusual hardship" standard in a cancellation of removal case is precisely the sort of "mixed question" it had in mind in *Guerrero-Lasprilla*. 601 U.S. 209, 212 (2024).

The consequence of these decisions is that we have jurisdiction over Cifuentes-Mendoza's case. Because we are prohibited from reviewing questions of fact, however, we may not "contest the [BIA's] factual findings" nor make factual findings of our own in the process. *Cortes*, 105 F.4th at 132. Instead, we ask simply whether the facts *as the BIA found them* were "sufficient as a matter of law" to meet the hardship standard. *Id.* at 131. Since Cifuentes-Mendoza filed his motion to reopen directly with the BIA rather than seeking relief from an IJ first, we focus on the BIA's opinion alone. *Cf. id.* at 130 (noting that we "review both the [BIA's] opinion and the [IJ's] decision" when an IJ decision is involved).

4

In *Wilkinson*, the Court added that we should be "deferential" to the BIA in conducting this inquiry. 601 U.S. at 225. In the year since that decision, we have not yet identified which standard of review would best give effect to the Court's deference instruction. *See, e.g.*, *id.* at 134 ("[W]e leave to future decisions the task of sorting out how to apply the standard of review discussed in *Wilkinson*."); *Martinez-Martinez v. Bondi*, No. 24-1464, 2025 WL 3084717, at *3 (4th Cir. Nov. 5, 2025). The question is one level more complicated when a cancellation of removal inquiry is embedded in a motion to reopen, as it is here. *See Williams v. Garland*, 59 F.4th 620, 633–34 (4th Cir. 2023) (outlining standards of review on motions to reopen). We need not identify the precise standard of review that governs this case, however, because whichever standard applies, "we reach the same conclusion." *Solelo v. Garland*, No. 22-1263, 2024 WL 3409831, at *2 (4th Cir. July 15, 2024).

### III.

Our conclusion: the facts as the BIA found them did not establish a prima facie case that Cifuentes-Mendoza was eligible for cancellation of removal.

When an alien makes a cancellation of removal request in a motion to reopen, the INA requires him to support it with "affidavits and other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The BIA may deny the motion when this material "fail[s] to establish a prima facie case" for cancellation, *INS v. Doherty*, 502 U.S. 314, 323 (1992), which we have described as a "reasonable likelihood" the petitioner is eligible for cancellation, *Mouns v. Garland*, 113 F.4th 399, 412–15 (4th Cir. 2024) (citing *In re L-O-G-*, 21 I. & N. Dec. 413, 418–20 (BIA 1996)).

5

The petitioner is eligible for cancellation if he establishes, among other things, that his removal would produce "exceptional and extremely unusual hardship" to a spouse, parent, or child with U.S. citizenship or lawful permanent residence. 8 U.S.C. § 1229b(b)(1)(D). This standard imposes a "very high" burden on anyone seeking to meet it. *Gonzalez Galvan v. Garland*, 6 F.4th 552, 561 (4th Cir. 2021), *abrogated in part on other grounds by Wilkinson*, 604 U.S. 209. "For hardship to be exceptional and extremely unusual, it must be 'substantially beyond the ordinary hardship that would be expected when a close family member is removed.'" *Cortes*, 105 F.4th at 134 (quoting *Gonzalez Galvan*, 6 F.4th at 561).

Cifuentes-Mendoza's contentions did not rise to this level. His motion to reopen focused primarily on the hardship caused by his wife's illness. But she is not a U.S. citizen or lawful permanent resident, so any hardship to her is not cognizable under the INA. *See* 8 U.S.C. § 1229b(b)(1)(D). To the extent her illness could cause hardship to their U.S. citizen children, the allegation of her illness itself was—as the BIA observed—speculative. The only evidence Cifuentes-Mendoza submitted to support it was a hospital admission record for an ovary removal procedure more than three years earlier. He did not submit evidence of ongoing illness or medical treatment, and he even conceded in his affidavit that he did "not know the exact name of the condition from which she suffers." J.A. 27. Especially in light of the INA's requirement that a motion to reopen "be supported by affidavits and other evidentiary material," this allegation was not enough to establish a reasonable likelihood of hardship. 8 U.S.C. § 1229a(c)(7)(B).

6

Cifuentes-Mendoza's allegation regarding his eldest daughter's vision problems fares little better. His affidavit stated that she visits the optometrist every three months and that her problems "may require surgery in the future." J.A. 27. But as the BIA noted, this statement was supported by "no medical evidence" at all. J.A. 3. Nor did Cifuentes-Mendoza explain why, if his daughter accompanies him to Guatemala, she will not be able to receive reasonable medical treatment there or why she, as a U.S. citizen, could not return to the United States when needed for surgery. Without more, this allegation—like that of his wife's illness—was not enough to establish a reasonable likelihood of hardship.

What remains are the allegations that Cifuentes-Mendoza's wife lacks work authorization in the United States, that other relatives in the United States lack the financial capacity to support his children, and that Guatemala is poorer and more dangerous than the United States. These facts, however, are hardly "exceptional and extremely unusual," 8 U.S.C. § 1229b(b)(1)(D), and the hardship they suggest is not "substantially beyond the ordinary hardship that would be expected when a close family member is removed," *Cortes*, 105 F.4th at 134 (quoting *Gonzalez Galvan*, 6 F.4th at 561). Indeed, a great many removal cases involve all too similar circumstances. *See, e.g.*, *Garcia Ramos v. Bondi*, No. 25-1313, 2025 WL 2506096, at *2 (4th Cir. Sep. 2, 2025); *Trejo-Juarez v. Bondi*, No. 24-1605, 2025 WL 1564342, at *2–3 (4th Cir. June 3, 2025); *Solelo*, 2024 WL 3409831, at *1–2; *Ramirez v. Garland*, No. 22-2039, 2023 WL 4418227, at *2 (4th Cir. July 10, 2023).

## IV.

We recognize that Cifuentes-Mendoza has lived in this country for 20 years and that removal is likely to impose hardship on his family. Removal is by its very nature "a

7

wrenching process." *Barton*, 590 U.S. at 240. But Congress chose to set a high bar for relief, and Cifuentes-Mendoza did not establish a reasonable likelihood of meeting it. For that reason, the BIA correctly denied his motion to reopen. For the same reason, we now deny his petition for review.

*DENIED*
